UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY CONNELL,

    Plaintiff,

v.                                     Case No.:  2:25-cv-261-SPC-NPM

OWNERS INSURANCE
COMPANY,

    Defendant.
                                     /

## OPINION AND ORDER

Before the Court is Defendant Owners Insurance Company's Supplement to Notice of Removal. (Doc 18). Plaintiff Mary Connell brought this action in state court. (Doc. 1-2). Defendant removed. (Doc. 1). But it failed to properly show citizenship and the amount in controversy, so the Court ordered it to supplement its notice of removal. Because Defendant's supplement falls short, the Court remands.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And because

federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Defendant invokes the Court's diversity jurisdiction. (Doc. 1 ¶ 12). A federal court has diversity jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

Because the complaint alleges only the state-court jurisdictional amount, Defendant relied on Plaintiff's discovery responses, deposition testimony, special damages summary, and proposal for settlement to show the amount in controversy exceeds $75,000. But the Court found that none of these items, separately or together, proved by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Doc. 15). The Court noted that the only evidence of actual medical bills was Plaintiff's "special damages" summary. But that document simply lists three billed items, without a description or supporting documentation, that total $30,461.91. To corroborate and supplement these medical bills, Defendant now provides past medical bills "totaling at least $62,921.60 and with a balance of $52,362.28 outstanding." (Doc. 18 ¶ 10; Doc. 18-1). But this total is still below the $75,000 amount-in-controversy threshold.

To overcome this shortfall, Defendant also provides that "Plaintiff was previously recommended for ongoing treatment including physical therapy valued at $500.00 each week" and recommended to "undergo a surgery—an open discectomy and fusion—costing $50,000.00 to $75,000.00 for one level and with additional levels valued at $25,000.00." (Doc. 18 ¶¶ 11, 12). But these recommendations do not increase the amount in controversy.

The Court's "analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). And the recommendations provide only speculation about hypothetical, future medical expenses. *See Pennington v. Covidien LP*, No. 8:19-CV-273-T-33AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019) (finding that because a surgery was a "hypothetical future medical expense," its cost was "too speculative to include in the Court's jurisdictional discussion"). The language of the recommendations supports this conclusion.

The recommendations state that Plaintiff "*may* require further intervention *in the future*." (Doc. 18-2 at 4) (emphasis added). After describing various more conservative treatments, they state, "*if* they *require* an open discectomy and fusion the cost *could range* from up to 50 to 75 thousand dollars for one level and approximately $25,000 for additional levels." (*Id.*) (emphasis added). And they then provide, "*[i]f this is required*, I would defer to the spine

3

surgeon for the MMI and percent MMI on the patient[.]" (*Id.*) (emphasis added). The recommendations are full of hedged language. Further, the document containing the recommendations was signed on May 17, 2024, and states that a surgery consultation occurred on February 29, 2024. (*Id.* at 2). Despite the significant amount of time that has since passed, "there is no indication the surgery is scheduled or that Plaintiff intends to undergo the surgery." *Scala v. Walmart Stores, Inc.*, No. 2:25-CV-87-SPC-KCD, 2025 WL 746219, at *1 (M.D. Fla. Feb. 6, 2025). Because the past medical bills fall short of the $75,000 amount-in-controversy threshold and Defendant's other evidence fails to make up the difference, the Court lacks jurisdiction and must remand.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit, in and for Lee County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit, in and for Lee County, Florida.

3. The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadline, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 10, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record